

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

12-17-2007

# Pistor v. Secretary HHS

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-4295

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Pistor v. Secretary HHS" (2007). *2007 Decisions.* Paper 56.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/56

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 06-4295
_____

CHRISTINE PISTOR, an individual,

Appellant

v.

TOMMY G. THOMPSON, SECRETARY OF HEALTH
AND HUMAN SERVICES, an individual; COMMISSIONER
OF THE SOCIAL SECURITY ADMINISTRATION, Joanne B.
Barnhart, an individual

_____


On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil No. 05-cv-04506)
District Judge:  The Honorable Jerome B. Simandle

_____


Submitted Under Third Circuit LAR 34.1(a)
July 13, 2007

Before: RENDELL, AMBRO, and NYGAARD, Circuit Judges.


(Filed: December 17, 2007)


_____

NYGAARD, <u>Circuit</u> <u>Judge</u>.

Because our opinion is wholly without precedential value, and because the parties and the District Court are familiar with its operative facts, we offer only an abbreviated recitation to explain why we will affirm the District Court's order.

Christine Pistor, formerly a bank teller, was terminated from her job, and enrolled in nursing school. She left school after her first semester, however, due to chest pains, shortness of breath, and feelings of fatigue. Pistor filed a claim for disability insurance benefits. A State agency physician reviewed her medical records and opined that she was occasionally able to lift and carry up to 20 pounds, and frequently lift and carry up to 10 pounds; she was able to sit, stand, and walk for about six hours in an eight-hour day; she had unlimited ability to push and pull; and she had no postural, manipulative, visual, communicative, or environmental limitations. A second agency physician affirmed these findings. The Social Security Administration denied Pistor's claims, and she sought a hearing before an ALJ.

After hearing testimony by Pistor and her companion, the ALJ denied her claims. In his decision, he conducted the SSA's five-step analysis to determine whether Pistor is "disabled." Under the Social Security Act, an applicant is "disabled" when she is unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has

lasted or can be expected to last not less than 12 months. The Social Security Administration has promulgated regulations which set forth a five-step analysis to guide its analysis. In the first four steps, the claimant must show that she (1) is not currently engaged in gainful employment because she (2) is suffering from a severe impairment (3) that meets or medically equals a listed impairment or (4) that leaves her lacking the residual functional capacity to return to her previous work. If she satisfies step three, the claimant is *per se* disabled. If she instead satisfies step four, the Commissioner must show that other jobs she could perform exist in the national economy in significant numbers.

Pistor argues that the ALJ's findings with respect to steps three and four are not supported by substantial evidence, and that the ALJ failed to consider, reconcile or reject conflicting probative evidence in the record. She also contends that the District Court erred by ignoring deficiencies in the ALJ's analysis and by conducting its own independent analysis of the facts and that the case must be remanded.

There is no evidence that Pistor's condition met the relevant Listed Impairments criteria. She did not suffer from chronic heart failure, or ischemic heart disease, and she was able to perform adequately on an exercise test. As for her residual functional capacity, the ALJ gave great weight to the physicians' reports and found Pistor's assertions "not totally credible." Her cardiologist's reports indicated that Pistor's condition improved substantially over the course of her treatment.

Pistor argues that the ALJ failed to explain why he found her not entirely credible, and failed to consider McGuire's testimony. We think it is sufficiently clear that the ALJ

considered her testimony as inconsistent with the medical evidence. McGuire's testimony that Pistor's condition has worsened over the years was cumulative of Pistor's assertions and was inconsistent with her medical records. We agree with the District Court that the ALJ's assessment of McGuire's testimony is encompassed in the determination that Pistor's testimony was not credible. The ALJ simply gave no weight to McGuire's testimony.

We agree with the District Court that the ALJ should have provided more explicit reasons for rejecting the testimony of Pistor and McGuire. However, we also agree with the District Court that the ALJ's reasoning is implicit in his discussion of the medical evidence, and that, ultimately, his decision was based upon substantial evidence.

We will affirm.

4